UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MICHAEL GARDNER,

                    Petitioner,

vs.                                    Case No. 3:16-cv-602-J-39PDB

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

                    Respondents.
_____

## ORDER

### I.  INTRODUCTION

        Petitioner Michael Gardner, in his Petition Under 28 U.S.C. §
2254 for Writ of Habeas Corpus by a Person in State Custody
(Petition) (Doc. 1) and Argument in Support of § 2254 (Doc. 2),
challenges a 2010 Duval County conviction for sale or delivery of
cocaine (count one) and resisting officer without violence (count
two).  He raises twelve grounds in the Petition.  Respondents filed
a Response to Petition for Writ of Habeas Corpus (Response) (Doc.
15).[1]  Petitioner filed a Reply Response (Reply) (Doc. 18).  See
Order (Doc. 9).

_____

        [1] The Court hereinafter refers to the Exhibits as "Ex."  Where
provided, the page numbers referenced in this opinion are the Bates
stamp numbers at the bottom of each page of the exhibit.
Otherwise, the page number on the particular document will be
referenced.  The Court will reference the page numbers assigned by
the electronic docketing system where applicable.

## II.  CLAIMS OF PETITION

The twelve grounds are: (1) the trial court erred in finding probable cause for Petitioner's arrest; (2) the trial court erred by overlooking the illegal search and seizure during the arrest, in contravention of the Fifth and Fourteenth Amendments; (3) the trial court deprived Petitioner of his rights under the Fifth and Fourteenth Amendments by denying Petitioner's motion for judgment of acquittal of sale or delivery of cocaine; (4) the trial court abused its discretion in admitting a poor quality audio recording of the drug transaction, depriving Petitioner of his rights under the Fifth and Fourteenth Amendments; (5) the ineffective assistance of counsel for failure to object and move to suppress the audio tape; (6) the ineffective assistance of counsel for failure to properly argue for a judgment of acquittal; (7) the ineffective assistance of counsel for failure to file a motion to dismiss the charges; (8) the ineffective assistance of counsel for failure to impeach Detective Williams with prior inconsistent statements; (9) the ineffective assistance of counsel for a failure to file a motion for new trial based on the fact that the verdict was contrary to the weight of the evidence; (10) the ineffective assistance of counsel for failure to argue a Fourth Amendment violation; (11) the ineffective assistance of counsel based on the cumulative errors of counsel; and (12) the trial court lacked jurisdiction to impose a sentence upon a criminal offense or theory

not charged in the state's information, resulting in manifest injustice.

### III. EVIDENTIARY HEARING

Petitioner seeks an evidentiary hearing. Petition at 43. It is his burden to establish the need for a federal evidentiary hearing, and he has not met the burden. Chavez v. Sec'y, Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011), cert. denied, 565 U.S. 1120 (2012). In this regard, a district court is not required to hold an evidentiary hearing if the record refutes the asserted factual allegations or otherwise precludes habeas relief. Schriro v. Landrigan, 550 U.S. 465, 474 (2007). After a thorough review of the record before the Court, the Court finds that the pertinent facts are fully developed in this record or the record otherwise precludes habeas relief. Consequently, this Court is able to "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Although it is clear that no evidentiary proceedings are required in this Court, the Court will review the twelve grounds raised in the Petition, see Long v. United States, 626 F.3d 1167, 1169 (11th Cir. 2010) ("The district court must resolve all claims for relief raised on collateral review, regardless of whether relief is granted or denied.") (citing Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) and Rhode v. United States, 583 F.3d

1289, 1291 (11th Cir. 2009)), and determine whether Petitioner is entitled to the collateral relief he seeks.

### IV.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs a state prisoner's federal petition for habeas corpus. <u>See</u> 28 U.S.C. § 2254; <u>Ledford v. Warden, Ga. Diagnostic & Classification Prison</u>, 818 F.3d 600, 642 (11th Cir. 2016), <u>cert</u>. <u>denied</u>, 137 S.Ct. 1432 (2017). "AEDPA limits the scope of federal habeas review of state court judgments[.]" <u>Pittman v. Sec'y, Fla. Dep't of Corr.</u>, 871 F.3d 1231, 1243 (11th Cir. 2017). This narrow scope of review under AEDPA provides for habeas relief only if there are extreme malfunctions, certainly not to be used as a means to correct state court errors. <u>Ledford</u>, 818 F.3d at 642 (quoting <u>Greene v. Fisher</u>, 132 S.Ct. 38, 43 (2011)).

Federal courts may grant habeas relief if:

> the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

> A state court's decision rises to the level of an unreasonable application of federal law only where the ruling is "objectively unreasonable, not merely wrong; even clear error will not suffice." <u>Virginia v. LeBlanc</u>, 582 U.S. ----, ----, 137 S.Ct. 1726, 1728, 198 L.Ed.2d 186 (2017) (per curiam) (quoting <u>Woods v. Donald</u>, 575 U.S. ----, ----, 135 S.Ct. 1372, 1376, 191 L.Ed.2d

464 (2015) (per curiam)). This standard is "meant to be" a difficult one to meet. <u>Harrington v. Richter</u>, 562 U.S. 86, 102, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).

<u>Rimmer v. Sec'y, Fla. Dep't of Corr.</u>, 876 F.3d 1039, 1053 (11th Cir. 2017), <u>petition</u> <u>for</u> <u>cert</u>. <u>docketed</u> <u>by</u> (U.S. Mar. 9, 2018) (No. 17-8046).

"We also must presume that 'a determination of a factual issue made by a State court [is[ correct,' and the petitioner 'ha[s] the burden of rebutting the presumption of correctness by clear and convincing evidence.' 28 U.S.C. § 2254(e)(1)." <u>Morrow v. Warden</u>, No. 17-10311, 2018 WL 1474837, at *5 (11th Cir. March 27, 2018), 886 F.3d 1138, ---- (11th Cir. 2018). Additionally, "[t]his presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." <u>Pope v. Sec'y for Dep't of Corr.</u>, 680 F.3d 1271, 1284 (11th Cir. 2012) (quoting <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003)), <u>cert</u>. <u>denied</u>, 568 U.S. 1233 (2013).

Recently, in <u>Wilson v. Sellers</u>, No. 16855, slip op. 1, 5 (U.S. April 17, 2018), 584 U.S. ---- (2018), the Supreme Court concluded there is a "look through" presumption in federal habeas law, as silence implies consent. <u>See</u> <u>Kernan v. Hinojosa</u>, 136 S.Ct. 1603, 1605 (2016) (per curiam). This presumption is employed when a higher state court provides no reason for its decision; however, it is just a presumption, not an absolute rule. <u>Wilson</u>, slip op. at 9. "Where there are convincing grounds to believe the silent court

had a different basis for its decision than the analysis followed by the previous court, the federal habeas court is free, as we have said, to find to the contrary." Id. at 11.

Thus, with the Supreme Court's guidance, this Court must undertake the following review. If the last state court to decide a prisoner's federal claim provides an explanation for its merits-based decision in a reasoned opinion, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." Id. at 2. But, if the relevant state-court decision on the merits is not accompanied by a reasoned opinion, for example the decision simply states affirmed or denied, a federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale." Id. At this stage, the federal court presumes the unexplained decision adopted the same reasoning as the lower court. Id. The presumption is not irrebutable, as strong evidence may refute it. Hinojosa, 136 S.Ct. at 1606. The state can, however, rebut the presumption by showing the higher state court relied or most likely relied on different grounds than the lower state court, "such as alternative grounds for affirmance that were briefed or argued to the state supreme court or obvious in the record it reviewed." Wilson, slip op. at 2.

Although the § 2254(d) standard is difficult to meet, the standard is meant to be difficult. Rimmer, 876 F.3d at 1053

(opining that to reach the level of an unreasonable application of federal law, the ruling must be objectively unreasonable, not merely wrong or even clear error).  This Court recognizes, applying the AEDPA standard, state court decisions must be given the benefit of the doubt.  <u>Trepal v. Sec'y, Fla. Dep't of Corr.</u>, 684 F.3d 1088, 1107 (11th Cir. 2012) (quotation and citations omitted), <u>cert</u>. <u>denied</u>, 568 U.S. 1237 (2013).

## V.  PROCEDURAL HISTORY

In an information, Petitioner was charged with sale or delivery of cocaine and resisting an officer without violence.  Ex. B1 at 10-11.  The state filed a Notice of Intent to Classify Defendant as an Habitual Felony Offender.  <u>Id</u>. at 12.  On January 7, 2010, the trial court conducted a jury trial.  Ex. B3; Ex. B4. The jury returned a verdict of guilty as to the two counts.  Ex. B4 at 346-47; Ex. B1 at 50-51.

On April 27, 2010, the trial court held a sentencing proceeding.  Ex. B1 at 135-144.  The court sentenced Petitioner as an habitual felony offender to thirty years in prison on count one, and to time-served on count two.  <u>Id</u>. at 143-44.  The court entered judgment and sentence on April 27, 2010.  Ex. B1 at 102-108.

Petitioner appealed his conviction.  <u>Id</u>. at 115.  Through counsel, Petitioner filed an <u>Anders</u> brief.[2]  Ex. C.  Thereafter, Petitioner filed a pro se brief.  Ex. F.  On June 15, 2011, the

---

[2] <u>Anders v. California</u>, 386 U.S. 738 (1967).

First District Court of Appeal (1st DCA) per curiam affirmed. Ex. G. The mandate issued on July 12, 2011. Ex. H.

Petitioner filed a Motion for Postconviction Relief (Rule 3.850 motion), pursuant to the mailbox rule, on January 5, 2012. Ex. I at 1-15. He filed a Supplement to Motion for Postconviction Relief (supplement) on March 6, 2013, pursuant to the mailbox rule. Id. at 16-19. The trial court denied the Rule 3.850 motion and the supplement in its Order Denying Defendant's Motions for Postconviction Relief. Id. at 24-138. Petitioner appealed. Ex. J. The state filed a notice that it would not file a brief. Ex. K. The 1st DCA, on August 4, 2015, per curiam affirmed. Ex. L. The mandate issued on September 1, 2015. Ex. O.

On July 28, 2015, Petitioner filed a Motion to Correct Illegal Sentence pursuant to Rule 3.800(a), Fla. R. Crim. P. Ex. R at 1-4. The trial court denied the motion. Id. at 9-11. Petitioner appealed. Id. at 24-27. He filed a brief. Ex. S. The state filed a notice of filing no answer brief. Ex. T. The 1st DCA per curiam affirmed. Ex. U. The mandate issued on November 29, 2016. Ex. V.

Petitioner, on January 19, 2016, filed a Petition for Writ of Habeas Corpus in the 1st DCA. Ex. W. The 1st DCA, on February 9, 2016, dismissed the petition, citing Baker v. State, 878 So.2d 1236 (Fla. 2004) (per curiam) (finding habeas corpus relief is not available to obtain collateral post conviction relief if the claims can be raised pursuant to Rule 3.850). Ex. X.

## VI.   INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on his Sixth Amendment claims, Petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different). Recently, the Eleventh Circuit, in Reaves v. Sec'y, Fla. Dep't of Corr., 872 F.3d 1137, 1148 (11th Cir. 2017) (quoting Strickland, 466 U.S. at 687), petition for cert. docketed by (U.S. April 9, 2018) (No. 17-8428), instructed: a counsel's performance is deficient only if counsel's errors are "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."   And importantly, with regard to the establishment of prejudice requirement, the Eleventh Circuit provided that the reasonable probability of a different result must be "a probability sufficient to undermine confidence in the outcome.  Id. (quoting Strickland, 466 U.S. at 694).

Finally, in order to prevail on a claim of ineffective assistance of counsel, both parts of the Strickland test must be satisfied.  Bester v. Warden, Att'y Gen. of the State of Ala., 836 F.3d 1331, 1337 (11th Cir. 2016) (citing Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000)), cert. denied, 137 S.Ct. 819

(2017). However, a court need only address one prong, and if it is found unsatisfied, the court need not address the other prong. Id.

## VII.  EXHAUSTION AND PROCEDURAL DEFAULT

The Petition is timely filed. Response at 6-7. Respondents assert, however, ten out of Petitioner's twelve claims are procedurally defaulted, but Respondents recognize Petitioner adequately exhausted grounds six and nine. Id. at 7, 24, 31.

Since the question of exhaustion has been raised, this Court must ask whether Petitioner's claims were fairly raised in the state court proceedings:

> Before seeking § 2254 habeas relief in federal court, a petitioner must exhaust all state court remedies available for challenging his conviction. See 28 U.S.C. § 2254(b), (c). For a federal claim to be exhausted, the petitioner must have "fairly presented [it] to the state courts." McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005). The Supreme Court has suggested that a litigant could do so by including in his claim before the state appellate court "the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004). The Court's guidance in Baldwin "must be applied with common sense and in light of the purpose underlying the exhaustion requirement"—namely, giving the state courts "a meaningful opportunity" to address the federal claim. McNair, 416 F.3d at 1302. Thus, a petitioner could not satisfy the exhaustion requirement merely by presenting the state court with "all the facts necessary to support the claim," or by making a "somewhat similar state-law claim." Kelley, 377 F.3d at 1343-44. Rather, he must make his claims in a manner that provides the state courts with "the opportunity to apply

controlling legal principles to the facts bearing upon (his) [federal] constitutional claim." Id. at 1344 (quotation omitted).

Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-52 (11th Cir. 2012), cert. denied, 568 U.S. 1104 (2013).

The doctrine of procedural default requires the following:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747-748, 111 S.Ct. 2546; Sykes, supra, at 84-85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ----, ----, 131 S.Ct. 1120, 1127-1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ----, ----, 130 S.Ct. 612, 617-618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, 566 U.S. 1, 9-10 (2012).

The Supreme Court has imparted that a petition for writ of habeas corpus should not be entertained unless the petitioner has

first exhausted his state court remedies. Castille v. Peoples, 489 U.S. 346, 349 (1989); Rose v. Lundy, 455 U.S. 509 (1982). A procedural default arises "when 'the petitioner fails to raise the [federal] claim in state court and it is clear from state law that any future attempts at exhaustion would be futile.'" Owen v. Sec'y, Dep't of Corr., 568 F.3d 894, 908 n.9 (11th Cir. 2009) (quoting Zeigler v. Crosby, 345 F.3d 1300, 1304 (11th Cir. 2003)), cert. denied, 558 U.S. 1151 (2010).

There are, however, allowable exceptions to the procedural default doctrine; "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." Martinez, 566 U.S. at 10 (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). If cause is established, a petitioner is required to demonstrate prejudice. In order to demonstrate prejudice, a petitioner must show "that there is at least a reasonable probability that the result of the proceeding would have been different had the constitutional violation not occurred." Owen, 568 F.3d at 908. More particularly, to demonstrate cause, a petitioner must show that some objective factor external to the defense impeded his effort to properly raise the claim in state court. Wright v. Hopper, 169 F.3d 695, 703 (11th Cir.), cert. denied, 528 U.S. 934 (1999).

After a thorough review of the record before the Court, the Court concludes Petitioner exhausted all of his claims of ineffective assistance of counsel. Thus, not only did he exhaust

grounds six and nine, he also exhausted grounds five, seven, eight, ten, and eleven. <u>See</u> Reply at 2. He raised these claims in his Rule 3.850 motion, the trial court addressed the grounds applying the <u>Strickland</u> two-pronged test, and denied the claims. Ex. I at 24-37. Petitioner completed the exhaustion requirements by appealing the denial of the Rule 3.850 motion,[3] and the 1st DCA per curiam affirmed. Ex. L.

Petitioner exhausted grounds one and two by presenting these grounds in his pro se brief on direct appeal. Ex. F. In Point One on direct appeal, Petitioner relied on the Fourth Amendment to the United States Constitution and referenced <u>Jenkins v. State</u>, 978 So.2d 116, 121 (Fla. 2008) ("The Florida Constitution now expressly provides that the right shall be construed in conformity with the Fourth Amendment to the United States Constitution, as interpreted by the United States Supreme Court."), a case addressing the reasonableness of a search under the Fourth Amendment. Ex. F at 5-7. In Point Three on direct appeal, Petitioner raised the following claim: "[t]rial court erred in violation of Appellant's Fourth Constitutional Amendment right in Article 1, Section 12 Illegal Search and Seizure." Ex. F at 9. Within the body of Point Three, he repeatedly referenced the Fourth Amendment and argued the

---

[3] As noted by Petitioner in his Reply at 10, Petitioner was not required to file a brief on appeal of the denial of his Rule 3.850 motion as he did not receive an evidentiary hearing on his motion. <u>See</u> Rule 9.141(b)(2)(C)(i), Fla. R. App. P. Therefore, by appealing the denial of his post conviction motion, he successfully exhausted his state court remedies.

officer did not have probable cause to conduct a search and seizure. Id. at 10-11.

Petitioner admits that the constitutional claims raised in grounds three and four are unexhausted. As cause, he claims his appellate counsel performed deficiently by failing to raise these constitutional claims on direct appeal, and Petitioner was unrepresented in his post conviction proceeding, so he asks that the Martinez [v. Ryan, 566 U.S. 1 (2012)] exception be extended to these grounds. Reply at 6-8. Unfortunately for Petitioner, the narrow exception set forth in Martinez has not been extended to allow a federal court to hear a substantial, but procedurally defaulted claim of ineffective assistance of appellate counsel. Indeed, in Davila v. Davis, 137 S.Ct. 2058, 2065-66 (2017), the Supreme Court specifically declined to allow this extension. Thus, grounds three and four are unexhausted and procedurally defaulted.

Petitioner has failed to show cause, and he does not meet the prejudice or manifest injustice exceptions. Although a petitioner may obtain review of the merits of a procedurally barred claim if he satisfies the actual innocence "gateway" established in Schlup v. Delo, 513 U.S. 298 (1995), Petitioner has not done so. The gateway is meant to prevent a constitutional error at trial from causing a miscarriage of justice and "'the conviction of one who is actually innocent of the crime.'" Kuenzel v. Comm'r, Ala. Dep't of Corr., 690 F.3d 1311, 1314 (11th Cir. 2012) (per curiam) (quoting Schlup, 513 U.S. at 324), cert. denied, 569 U.S. 1004 (2013). The

fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." Johnson v. Ala., 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), cert. denied, 535 U.S. 926 (2002). With respect to these unexhausted grounds, Petitioner has failed to identify any fact warranting the application of the fundamental miscarriage of justice exception.

In conclusion, the Court finds grounds three and four are unexhausted and procedurally defaulted. As Petitioner has failed to establish cause and prejudice or any factors warranting the application of the fundamental miscarriage of justice exception to overcome the default, these grounds are due to be denied as procedurally barred.

With respect to the issue of exhaustion, the last matter the Court will address is whether ground twelve of the Petition has been properly exhausted in the state court system. Upon review, Petitioner presented this ground in his Motion to Correct Illegal Sentence. Ex. R at 1-4. He claimed his sentence was "constitutionally intolerable[.]" Id. at 1. He asserted his thirty-year sentence was unconstitutional because he was not charged as a principal in the state's information. Id. He referenced due process principles in the body of his motion. Id. at 2. He also relied on United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001) (recognizing the Fifth Amendment's requirement that the government prove each and every element of a crime beyond

a reasonable doubt), <u>overruling in part on other grounds recognized by Pioneer Centres Holding Co. Employee Stock Ownership Plan and Trust v. Alerus Financial, N.A.</u>, 858 F.3d 1324 (10th Cir. 2017). <u>See</u> Ex. R at 2.

The trial court denied this claim for relief on its merits, finding it unnecessary "that an indictment or information specifically charge a person under the principal theory to sustain a conviction under the theory."  Ex. R at 10 (citation omitted). Petitioner appealed, and the 1st DCA per curiam affirmed.  Ex. U. Therefore, the Court concludes that Petitioner exhausted ground twelve in the state court system and it is not procedurally barred.

To summarize, the Court finds only grounds three and four are unexhausted and procedurally defaulted.  The Court will address the remainder of Petitioner claims.

## VIII.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

In the first ground of the Petition, Petitioner raises a claim of trial court error in finding probable cause for Petitioner's arrest.  Petitioner raised this Fourth Amendment claim on direct appeal.  The 1st DCA affirmed.  Ex. G.

Of interest, in his Rule 3.850 motion, Petitioner blamed his trial counsel for failure to file a motion to dismiss, asserting there was no probable cause to arrest because no police officer observed Petitioner engaging in criminal activity and there was a lack of evidence against him.  The trial court found Petitioner's

allegations "nonsensical." Ex. I at 31. The court pointed out the strength of the state's evidence:

> As described above, Detective Walton testified that he saw Defendant with crack cocaine in his possession and Defendant agreed to make a sale to Steele. (Ex. E at 181.) Detective Walton further testified that, while he did not see an actual transaction, he viewed Defendant and Steele walk around the corner of a building and afterwards, Steele emerged with cocaine. (Ex. E at 181-82.) Further, Steele testified that Defendant sold her drugs behind the building because he only wanted to deal with her. (Ex. E at 228-30.)

Ex. I at 31.

"A warrantless arrest is supported by probable cause if the arresting officer, at the time of arrest, had reasonable grounds to believe that a felony was being, or had been, committed and that the person to be arrested participated in that felony." Jarrell v. Balkcom, 735 F.2d 1242, 1249 (11th Cir. 1984), cert. denied, 471 U.S. 1103 (1985). See Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009)("Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime.") (citation omitted).

Of import, probable cause does not require overwhelmingly convincing evidence, but simply requires reasonably trustworthy information. Id. (citations and quotations omitted). There was certainly sufficient information gathered showing a "probability or chance of criminal activity." Id. (quoting Illinois v. Gates, 462

U.S. 213, 245 n.13 (1983)).  In this case, the evidence presented concerning the police officers encounter with Petitioner translated into a well-founded suspicion that Petitioner had committed, was committing or was about to commit a crime to justify the seizure. Therefore, ground one is due to be denied.

The Court finds that Petitioner adequately exhausted his claim by presenting it on direct appeal.  The 1st DCA affirmed per curiam.  Ex. G.  Thus, there is a qualifying state court decision under AEDPA.

Here, deference under AEDPA should be given to the 1st DCA's adjudication.  Its decision is not inconsistent with Supreme Court precedent.  The state court's adjudication of this claim is not contrary to or an unreasonable application of Supreme Court law, or based on an unreasonable determination of the facts.  Petitioner is not entitled to habeas relief based on this claim.  Thus, ground one is due to be denied.

### B.  Ground Two

In his second ground for relief, Petitioner raises a claim of trial court error, claiming the trial court overlooked the illegal search and seizure during the arrest.  On direct appeal, Petitioner raised a Fourth Amendment claim, arguing the officers did not have probable cause to conduct a search and seizure.  The 1st DCA per curiam affirmed.  Ex. G.

Helpfully, the trial court, in denying the Rule 3.850 motion, summarized the relevant evidence presented at trial:

Further, during trial, Detective Lester J. Walton ("Detective Walton") testified on behalf of the State. (Ex. E at 154.) Detective Walton stated that he was working undercover when he came into contact with Defendant's co-defendant, Diane Steele ("Steele"). (Ex. E at 159-60.) Detective Walton testified that he asked Steele about where he could buy drugs and Steele directed him to a nearby pawn shop where they came into contact with Defendant. (Ex. E at 160-62.) Detective Walton testified that he was equipped with audio recording equipment during the encounter. (Ex. E at 163.) This audio recording was played during Detective Walton's testimony (Ex. E at 165-80.) While the transcript depicts that some of the statements are "inaudible," Defendant's voice was heard on the recording and Detective Walton testified about the actions taking place. (Ex. E at 165-80.) Detective Walton testified that he never saw Defendant actually engage in a transaction because Defendant would only make the sale to Steele. (Ex. E at 180-81.) Detective Walton, however, did see cocaine in Defendant's possession and watched Steele go around the back of a building with Defendant and emerge with cocaine. (Ex. E at 181.) This cocaine was also admitted into evidence during Officer Walton's testimony. (Ex. E at 182.)

Ex. I at 27-28.

The police officers encounter with Petitioner translated into a well-founded suspicion that Petitioner had committed, was committing or was about to commit a crime to justify the seizure. Indeed, there was a probability or chance of criminal activity. As such, the police officers could conduct an arrest, and as part of that arrest, the officers may search the person arrested and the area within the person's immediate presence for fruits of the crime or articles used in the commission of the crime. Fla. Stat. §

901.21 (Search of person arrested).  See United States v. Robinson,
414 U.S. 218, 234 (1973) (the search-incident-to-arrest warrant
exception permits a search and inspection of the contents of
personal items found on the arrestee, recognizing the need to
disarm the suspect and to preserve evidence).

The adjudication of the state appellate court resulted in a
decision that involved a reasonable application of clearly
established federal law, as determined by the United States Supreme
Court.  Ex. G.  Therefore, Petitioner is not entitled to relief on
this ground because the 1st DCA's decision was not contrary to
clearly established federal law, did not involve an unreasonable
application of clearly established federal law, and was not based
on an unreasonable determination of the facts in light of the
evidence presented in the state court proceedings.  Petitioner is
not entitled to habeas relief on ground two.

### C.  Ground Five

In ground five, Petitioner raises a claim of ineffective
assistance of counsel for failure to object to the introduction of
the audio tape and for failure to move to suppress the audio tape.
Petitioner exhausted this ground by raising it in ground one of his
Rule 3.850 motion and appealing the denial of this ground in issue
one of his post conviction appeal brief.  Ex. I; Ex. J; Ex. L.

The trial court, before addressing Petitioner's claim of
ineffective assistance of counsel, set forth the two-pronged
Strickland standard of review for this claim grounded in the Sixth

Amendment. Ex. I at 25. Petitioner urged the trial court to find his counsel was ineffective for failure to seek the suppression of the audio tape based on an allegation that the majority of the tape was inaudible. <u>Id</u>. at 26. Petitioner claimed the alleged deficiencies in the recording rendered the recording untrustworthy. <u>Id</u>. Moreover, he asserted the recording offered no evidence of a drug transaction. <u>Id</u>.

The trial court, in addressing the claim of ineffectiveness, noted that the trial court had conducted a Nelson hearing, and at that hearing, defense counsel stated he did not have legal grounds to file a motion to suppress. <u>Id</u>. at 26-27. As such, the court concluded that counsel could not be found ineffective for failing to file a motion that would have been denied. <u>Id</u>. Thus, the trial court found no deficient performance.

Additionally, the court held, even assuming deficient performance, Petitioner failed to show he was prejudiced by counsel's performance. <u>Id</u>. at 28. The court said that even if the audio recording and the cocaine had been suppressed, the jury would have heard the testimony of Detective Walton. <u>Id</u>.

The 1st DCA per curiam affirmed the trial court's decision. Ex. L. The 1st DCA's decision is not inconsistent with Supreme Court precedent, and the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.

In denying this ground, not only did the trial court find no deficient performance, the court also found Petitioner was not prejudiced by counsel's performance. Thus, the court determined that the suppression of the audio tape would not have changed the outcome of Petitioner's trial as required by Strickland. In essence, the court found there is not a probability of a different result sufficient to undermine confidence in the outcome of the trial if counsel had acted as Petitioner claimed he should have. Strickland, 466 U.S. at 694. The 1st DCA affirmed the decision of the trial court. Ex. L.

Again, in order to prevail on his claim of ineffective assistance of counsel, Petitioner has to satisfy both parts of the Strickland test. Bester, 836 F.3d at 1337. With respect to this claim, Petitioner failed to do so.

The record shows the 1st DCA affirmed the decision of the trial court in denying this ground. Thus, AEDPA deference is warranted. The Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground five.

### D. Ground Six

In ground six, Petitioner claims he received the ineffective assistance of counsel for failure to properly argue for a judgment of acquittal on the charge of sale or delivery of cocaine. Petitioner exhausted this ground by raising it in ground two of his

Rule 3.850 motion[4] and appealing the denial of this ground in issue two of his post conviction appeal brief. Ex. I; Ex. J; Ex. L.

The Due Process Clause of the Fourteenth Amendment requires the state to prove beyond a reasonable doubt each element of the offense charged. Thompson v. Nagle, 118 F.3d 1442, 1448 (11th Cir. 1997)(citing Jackson v. Virginia, 443 U.S. 307, 314 (1979)), cert. denied, 522 U.S. 1125 (1998). "[T]his court must presume that conflicting inferences to be drawn from the evidence were resolved by the jury in favor of the State." Thompson, 118 F.3d at 1448 (citing Machin v. Wainwright, 758 F.2d 1431, 1435 (11th Cir. 1985)). The relevant question is whether any rational jury, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the charged offense beyond a reasonable doubt. Thompson, 118 F.3d at 1448.

The trial court instructed the jury that in order to prove the crime of sale or delivery of cocaine, "the State must prove the following two elements beyond a reasonable doubt: One, Michael McCay Gardner sold or delivered a certain substance; two, the substance was cocaine." Ex. B4 at 332. The court defined sell, as "to transfer or deliver something to another person in exchange for money or something of value or a promise of money or something of value." Id. The court defined deliver, as "the actual

_____

[4] Petitioner claimed his counsel's performance was deficient for failure to argue that there was no evidence presented at trial to show Petitioner had any drugs or money on his person or that he engaged in criminal activity. Ex. I at 5.

constructive or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship." Id. The records shows the jury, after hearing the trial court's instructions, returned a verdict finding Petitioner guilty of sale or delivery of cocaine. Id. at 346-47.

The trial court, in denying post conviction relief, found this claim of ineffective assistance of counsel meritless. Ex. I at 29. The court first noted that defense counsel moved for judgment of acquittal. Id. See Ex. B3 at 283. Not only did he so move, the record demonstrates he renewed the motion after the defense rested. Ex. B3 at 294.

In its order denying post conviction relief, the trial court rejected the claim of ineffective assistance of counsel, finding "[t]here is no reasonable probability that, had counsel argued as Defendant suggests, the trial court would have granted the motion." Ex. I at 29. Thus, the court concluded Petitioner failed to establish prejudice. See Bester, 836 F.3d at 1337 (finding a petitioner must satisfy both prongs of the Strickland test in order to prevail on his claim of ineffective assistance of counsel).

In sum, the trial court found Petitioner did not demonstrate prejudice under Strickland. In failing to satisfy the prejudice prong of Strickland, Petitioner could not prevail on his claim of ineffective assistance of counsel. The 1st DCA affirmed. Ex. L.

The state court's ruling is well-supported by the record and by controlling case law, Strickland and its progeny. Petitioner

raised the issue in his post conviction motion, the trial court denied the motion, and the appellate court affirmed. Ex. L. This Court concludes that the state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. Petitioner is not entitled to habeas relief on ground six.

## E. Ground Seven

In his seventh ground, Petitioner raises a claim of ineffective assistance of counsel for failure to file a motion to dismiss the charges. Petitioner exhausted this ground by raising it in ground three of his Rule 3.850 motion and appealing the denial of this ground in issue two of his post conviction appeal brief. Ex. I; Ex. J; Ex. L.

Again, Petitioner claims there was no probable cause to arrest him because the police did not observe him engage in criminal activity and there was no evidence against him. As noted previously, the court found this assertion "nonsensical" based on the evidence presented at trial. Ex. I at 31. The court referenced the evidence: Detective Walton testified he saw Petitioner with crack cocaine, Petitioner agreed to sell cocaine to Steele, Petitioner and Steele walked around the corner of the building, and Steele emerged with the cocaine. <u>Id</u>. Moreover, the court pointed out that co-defendant Steele took the stand and testified Petitioner sold her drugs behind the building. <u>Id</u>.

Again, the court found defense counsel could not be deemed ineffective for failure to file a motion which would have been properly denied, citing Branch v. State, 952 So.2d 470, 476 (Fla. 2006) (per curiam). Ex. I at 31. Finally, the court held Petitioner failed to establish prejudice, the second prong of the two-part Strickland test. Ex. I at 31.

In denying this ground, the trial court concluded that Petitioner failed to show that he was prejudiced by counsel's alleged error and denied post conviction relief. Id. The 1st DCA affirmed. Ex. L.

In this instance, deference under AEDPA should be given to the state court's decision. Its decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. As such, ground seven is due to be denied.

## F. Ground Eight

In his eighth ground, Petitioner presents a claim of ineffective assistance of counsel for failure to impeach Detective Williams with prior inconsistent statements. Petitioner exhausted this ground by raising it in ground four of his Rule 3.850 motion and appealing the trial court's decision to the 1st DCA. Ex. I; Ex. J; Ex. L.

Notably, the trial court, in denying the Rule 3.850 motion, referenced the applicable two-pronged <u>Strickland</u> standard as a preface to addressing Petitioner's claim of ineffective assistance of counsel.  Ex. I at 25.  In its decision, the court assuming arguendo deficient performance, found there was no showing of prejudice due to the testimony of Detective Hux.  <u>Id</u>. at 32-33.

Initially, the court succinctly described Petitioner's contention:

> In Ground Four, Defendant claims that counsel was ineffective for failing to impeach Detective James Williams ("Detective Williams") with prior inconsistent statements given during his deposition.  According to Defendant, Detective William's deposition testimony consisted of the following: Defendant was "[b]asically walking from the back of the pawnshop towards University Boulevard . . . me and Detective Hux . . . get out of the car, we kind of split [up] . . . [a]nd I actually lost sight of Mr. Gardner for just a second or two due to a car . . . in that area.  And as I came around one of those cars, ordered Mr. Gardner to the ground and he complied . . . ."  (Def's Mot. at 8-9.)  Detective Williams, however, testified at trial that he chased after Defendant who did not initially comply with commands to stop.  (Ex. E at 274-75.)  Defendant avers that had counsel impeached Detective Williams there is a reasonable probability that Defendant would not have been found guilty of Resisting Officer Without Violence to His or Her Person.

Ex. I at 31-32.

Next, the court explained its reasoning for denying the claim based on failure to show prejudice, the second prong of <u>Strickland</u>:

> Detective Hux and Detective Williams were the arresting officers in Defendant's case.

(Ex. E at 251-52.) Detective Hux testified
that during the transaction at the pawn shop,
he and Detective Williams positioned
themselves in front of the pawn shop to make a
swift apprehension. (Ex. E at 252.)
Detective Hux stated that when the undercover
officers gave the "takedown signal," Defendant
was already walking toward the west side of
the pawn shop, toward the takedown officers.
(Ex. E at 253-54.) Detective Hux further
testified that when he got out of the vehicle
and made eye contact with Defendant, Defendant
ran around the vehicle in front of Detective
Hux in an attempt to flee on foot. (Ex. E at
254.) Detective Hux stated that Defendant did
not initially obey commands to stop, but
eventually gave up before getting to
University Boulevard, which was thirty to
forty feet from the takedown vehicle. (Ex. E
at 254.) Detective Hux also testified that
during this takedown, he and Detective
Williams were wearing police tactical uniforms
that clearly displayed "Police." (Ex. E at
254.)

Ex. I at 32.

In its conclusion, the court opined Detective Hux's testimony
alone would have been sufficient for the jury to find Petitioner
guilty of resisting arrest without violence. <u>Id</u>. at 33. Finally,
the court determined Petitioner failed to show he was prejudiced by
the failure of counsel to impeach Detective Williams. <u>Id</u>.

Thus, in denying this ground, the trial court concluded that
Petitioner failed to satisfy the prejudice prong under <u>Strickland</u>.
The 1st DCA affirmed. Ex. L. Deference under AEDPA should be
given. The state court's decision is not inconsistent with Supreme
Court precedent, including <u>Stickland</u> and its progeny. The state
court's adjudication of this claim is not contrary to or an

unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts. As such, ground eight is due to be denied.

## G.   Ground Nine

In his ninth ground for habeas relief, Petitioner claims his counsel was ineffective for failure to file a motion for new trial based on the fact that the verdict was contrary to the weight of the evidence. Petitioner exhausted this ground by raising it in ground five of his Rule 3.850 motion and appealing the trial court's decision to the 1st DCA. Ex. I; Ex. J; Ex. L.

The trial court denied relief, concluding failure to preserve an issue for appeal does not show the necessary prejudice under <u>Strickland</u>, and finding, based on the overwhelming evidence of guilt, there was no reasonable probability that the trial court would have granted a motion for new trial. Ex. I at 34.

In denying post conviction relief, the trial court explained:

> This Court is not convinced of any strong
> likelihood that a new trial would have been
> ordered had counsel filed a motion for new
> trial. Defendant avers that no one ever
> observed him with any drugs in his possession.
> Detective Walton, however, testified that he
> saw Defendant with crack cocaine in his
> possession and witnessed Defendant agree to
> make a sale to Steele. (Ex. E at 181.)
> Defendant also claims that no one ever
> observed him engage in a transaction.
> Detective Walton, however, testified that
> while he did not see a transaction, he viewed
> Defendant and Steele walk around the corner of
> a building and Steele emerged with cocaine
> afterwards. (Ex. E at 181-82.) Steele also
> testified that Defendant sold her drugs behind

the building because he only wanted to deal with her. (Ex. E at 228-30.)

Defendant next maintains that no drugs or money were in his possession when he was arrested. Detective Hux, however, testified that while Defendant was running away from him, Detective Hux observed Defendant discard an object that he recognized as "crumpled-up money." (Ex. E at 254-55.) Based on the overwhelming evidence of guilt, there is not a reasonable probability that this Court would have granted a motion for new trial.

Ex. I at 33-34. The 1st DCA affirmed. Ex. L.

In order to show a violation of the Sixth Amendment, both parts of the Strickland test must be satisfied. Even assuming deficient performance, Petitioner has not shown resulting prejudice. The trial court concluded that Petitioner failed to establish that there was a reasonable probability that the trial court would have granted a motion for new trial, even assuming one was filed by counsel.

As the state court's decision is not inconsistent with Supreme Court precedent, including Stickland and its progeny, deference under AEDPA should be given. The state court's adjudication of this claim is not contrary to or an unreasonable application of Strickland, or based on an unreasonable determination of the facts. As such, ground nine is due to be denied.

## H.  Ground Ten

In ground ten, Petitioner claims his counsel was ineffective for failure to argue a Fourth Amendment violation. He exhausted this ground by raising it in the supplement. Ex. I at 17. He

completed the exhaustion requirement by appealing the denial of the motion.  The 1st DCA affirmed.  Ex. L.

Petitioner, in ground nine of the supplement, claimed his counsel was ineffective for failing to file a motion to suppress or a motion to dismiss based on a Fourth Amendment violation.  Ex. I at 17.  In support of this ground, Petitioner contends the detectives never obtained probable cause to arrest him.  Id. at 18. The trial court, in its order denying relief, renumbered this claim ground six.  Id. at 34 n.2.

The trial court denied this claim finding a motion to suppress or dismiss based on a Fourth Amendment violation would not have been granted, there was nothing unconstitutional about the arrest because the detectives obtained the necessary probable cause to arrest Petitioner, and as a result, Petitioner has failed to satisfy the prejudice prong of Strickland because, if these motions would not have properly been granted, prejudice cannot be established in failure to file the motions.  Ex. I at 34-35. Finally, the trial court rejected Petitioner's claim of manifest injustice as being without merit because counsel's decision "was premised upon his understanding that there were no legal grounds in which to file such a motion."  Id. at 35.  The 1st DCA affirmed without opinion.  Ex. L.

This Court in Grinard-Henry v. United States, No. 8:03CR-437T17MAP, 2006 WL 2265416, at *3 (M.D. Fla. Aug. 8, 2006), explained:

Defense counsel cannot be deemed to have performed deficiently by failing to file a motion that would have been futile. For the same reason, [the petitioner] cannot satisfy the "prejudice" prong of Strickland. See also Salcedo-Palma v. United States, 2005 WL 1243775 (M.D. Fla. 2005) (Bucklew, J.) (finding that defense counsel was not ineffective in failing to file a "futile" motion to suppress because the defendant signed a plea agreement in which he admitted that the vessel on which he was traveling was "subject to the jurisdiction of the United States").

In the case at bar, the trial court determined that a motion to suppress/dismiss would have been futile; therefore, counsel was not ineffective for failing to file these motions. As such, Petitioner's defense counsel cannot be deemed to have performed deficiently by failing to file the motions, and it follows that Petitioner cannot satisfy the prejudice prong of Strickland due to the futility of such motions.

Even if counsel's performance was deemed deficient, Petitioner has not established prejudice, failing to meet Strickland's prejudice prong. Petitioner has failed to show "that it was 'reasonably likely' that, but for counsel's deficient performance, the result of the proceeding would have been different." Stoddard v. Sec'y, Dep't of Corr., 600 F. App'x 696, 709 (11th Cir.) (per curiam) (citation omitted), cert. denied, 136 S.Ct. 114 (2015). Therefore, he is not entitled to habeas relief.

Petitioner is not entitled to relief on ground ten of the Petition, the claim of ineffective assistance of trial counsel.

Deference, under AEDPA, should be given to the state court's decision.  Ex. L.  The state court's adjudication of this claim is not contrary to or an unreasonable application of <u>Strickland</u>, or based on an unreasonable determination of the facts.  Consequently, Petitioner is not entitled to habeas relief on ground ten.

## I.  Ground Eleven

In ground eleven, Petitioner claims he received the ineffective assistance of counsel based on the cumulative errors of counsel.  He exhausted ground eleven by raising it in ground seven of his Rule 3.850 motion and appealing the trial court's decision to the 1st DCA.  Ex. I; Ex. J; Ex. L.

Since none of Petitioner's grounds claiming ineffective assistance of counsel provide a basis for habeas relief, the cumulative effect of these grounds certainly does not provide any foundation for granting habeas relief.  An explanation follows.

When Petitioner presented this ground to the trial court in ground seven of his post conviction motion, the court rejected it, finding none of the individual claims of ineffective assistance with merit, thereby concluding a claim of cumulative error also being without merit.  Ex. I at 35-36.  The First District Court of Appeal affirmed the decision per curiam.  Ex. L.

Also of significance, the court rejected Petitioner's attempt to challenge the sufficiency of the evidence through a post conviction motion:

This Court further finds that Defendant's allegations in Grounds one through Seven are an attempt to contest the facts and evidence upon which his conviction is premised, and is trying to circumvent these facts by disguising his claims under the cloak of ineffective assistance of counsel. It is well settled that a defendant may not challenge the validity or sufficiency of the evidence against him in a motion seeking postconviction relief. Betts v. State, 792 So.2d 589, 590 (Fla. 1st DCA 2001); Jackson v. State, 640 So.2d 1173, 1174 (Fla. 2d DCA 1994).

Ex. I at 36.

With respect to the claim of cumulative errors of counsel, the 1st DCA's decision is entitled to deference under AEDPA. Petitioner is not entitled to relief on ground eleven of the Petition because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Alternatively, this "cumulative effect" claim simply has no merit. If Petitioner's ineffective assistance of counsel claims are insufficient individually, raising them cumulatively does not render them sufficient. Robertson v. Chase, No. 1:07-CV-0797-RWS, 2011 WL 7629549, at *23 (N.D. Ga. Aug. 12, 2011) (citations omitted), report and recommendation adopted by No. 1:07-CV-797-RWS, 2012 WL 1038568 (N.D. Ga. Mar. 26, 2012), aff'd by 506 F. App'x 951 (11th Cir. 2013), cert. denied, 134 S.Ct. 93 (2013).

As a result, the Court finds the cumulative deficiencies of counsel claim is without merit:

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

<u>Miller v. Johnson</u>, 200 F.3d 274, 286 n.6 (5th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 849 (2000). Since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation. <u>See</u> <u>Miller</u>, 200 F.3d at 286 n.6. Thus, the Court finds Petitioner is not entitled to habeas relief on the basis of this claim of ineffective assistance of counsel alleging the cumulative errors of counsel. Ground eleven is due to be denied.

### J.  Ground Twelve

In his last ground, ground twelve, Petitioner claims the trial court lacked jurisdiction to impose a sentence upon a criminal offense or theory not charged in the state's information, resulting in manifest injustice. In this ground, he contends the trial court erred in instructing the jury on the law of principals when Petitioner was not charged as a principal to sale of cocaine in the information. Petitioner exhausted this ground by raising it in his Rule 3.800(a) Motion to Correct Illegal Sentence. Ex. R at

1-4.  The trial court denied the motion.  _Id_. at 9-11.  Petitioner

appealed.  _Id_. at 24.  The 1st DCA per curiam affirmed.  Ex. U.

The record shows the following.  Petitioner was charged by

information with sale or delivery of cocaine.  Ex. B1 at 10.  In

count one of the information, it charges: "on January 2, 2009, in

the County of Duval and the State of Florida, [Petitioner] did

unlawfully sell or deliver a controlled substance as named or

described in Section 893.039(2)(a)4, Florida Statutes, to-wit:

Cocaine, contrary to the provisions of Section 893.13(1)(a)1,

Florida Statutes."  Ex. B1 at 10.  The trial court instructed the

jury:

> Principals.  If the defendant helped
> another person or persons commit or attempt to
> commit a crime, the defendant is a principal
> and must be treated as if he had done all the
> things the other person or persons did if,
> one, the defendant had a conscious intent that
> the criminal act be done and, two, the
> defendant did some act or said some word which
> was intended to and which did incite, cause,
> encourage, assist or advise the person or
> persons to actually commit or attempt to
> commit the crime.  To be a principal, the
> defendant does not have to be present when the
> crime is committed or attempted.

Ex. B4 at 333-34.

The trial court, in denying this ground, opined: "[b]ecause

there is no requirement that a person be specifically charged under

the principal theory, this Court finds any alleged error in

Defendant's Information is without merit."  Ex. R at 10.  The court

noted, in Florida, a person charged with commission of a crime may be convicted under the principal theory. <u>Id</u>.

Importantly, even if a defendant is not specifically charged with aiding and abetting the sale or delivery of cocaine, when there is sufficient evidence adduced in the state's case-in-chief to support a principals instruction to the jury, the instruction is properly given. <u>Roberts v. State</u>, 813 So.2d 1016, 1017 (Fla. 1st DCA 2002) (per curiam) (citing <u>Jacobs v. State</u>, 184 So.2d 711 (Fla. 1st DCA 1966) and <u>State v. Roby</u>, 246 So.2d 566 (Fla. 1971)).

As found by the trial court, there was certainly sufficient evidence presented in the state's case-in-chief to allow for the principals instruction to be given in this case. <u>See</u> Response at 82-83. In this case, the trial court properly gave a principals jury instruction. <u>See</u> <u>Reed v. Sec'y, Dep't of Corr.</u>, No. 6:09-cv-1083-Orl-35GJK, 2011 WL 4975371, at *7 (M.D. Fla. Oct. 19, 2011) (finding no ineffectiveness for failure to object to the principals jury instruction even though the defendant was only charged with the substantive offense of delivery of ecstasy because of the proof presented at trial).

As the evidence warranted the giving of the principals jury instruction, Petitioner is not entitled to habeas relief. The trial court denied the claim presented in the Rule 3.800(a) motion, and the 1st DCA affirmed. Thus, there is a qualifying state court decision under AEDPA.

Deference under AEDPA should be given. The state court's decision is not inconsistent with Supreme Court precedent. Its adjudication of this claim is not contrary to or an unreasonable application of clearly established federal law, or based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to habeas relief based on this claim.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.

2. This action is **DISMISSED WITH PREJUDICE.**

3. The **Clerk** shall enter judgment accordingly and close this case.

4. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions

_____

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of April, 2018.

_____
BRIAN J. DAVIS
United States District Judge

sa 4/18
c:
Michael Gardner
Counsel of Record